# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARY ELLEN JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 5:15-CV-00297-FB-HJB |
| | § | |
| SOUTHWEST RESEARCH | § | |
| INSTITUTE, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S THIRD REQUEST FOR DISCOVERY

To:     Defendant by and through its attorney, Mario Barrera Norton Rose Fulbright US LLP 300 Convent Street, Suite 2100, San Antonio, Texas 78205.

## I.
## INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, you are hereby required to respond to these Interrogatories served by Plaintiff within thirty (30) days of service thereof.  Production of documents may be made at the office of Rob Wiley, P.C., 1011 San Jacinto Blvd., Ste. 401, Austin, Texas 78701, at that time.

## INSTRUCTIONS

1.     Each Interrogatory is to be answered separately and fully in writing under oath.

2.     Defendant shall sign and serve a copy of the answers to these Interrogatories counsel for Plaintiff within thirty (30) days of service thereof.

3.     As to any document you are asked to identify herein, in lieu of providing all the information described in definition 12 below, you may attach a complete copy of the document to your response to the particular inquiry.

4.     These interrogatories shall be deemed continuing so as to requite supplemental responses pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

## II.
## REQUEST FOR PRODUCTION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, you are hereby required to respond to these Requests for Production served by Plaintiff within thirty (30) days of service thereof.

## INSTRUCTIONS

1.    All documents that respond, in whole or part, to any portion of the Requests below are to be produced in their entirety, including all attachments and enclosures.

2.    You should produce one copy of each requested document. A document that varies in any way from its original or form any other copy, including a document with handwritten notations or deletions in a draft of a document finalized later, constitutes a separate documents and must be produced, whether or not the original is within your possession, custody, or control. Where an identical copy of a document cannot be produced for any reason (e.g. different color entries, faint writing, erasures, etc.), please produce the original.

3.    All electronic data or e-discovery requested should be produced in the form requested.  If no form is specified, then it should be produced in a text-searchable PDF format.

4.    These Requests shall be deemed continuing so as to require supplemental responses pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

## III.
## DEFINITIONS

As used in these Requests, the following term and phrases shall have the following definitions:

1.    "You," "your", "SwRI," "company," and "Defendant" shall mean and include Southwest Research Institute, its agents, and/or other predecessor companies, successor companies, and affiliated entities.

2.    "Defendant" shall mean and include Southwest Research Institute, its employees, agents, and/or representatives.

3.    "Plaintiff" shall mean Mary Ellen Johnson.

4.    "Documents" refers to the original and any copy of any written, printed, typed, recorded or graphic matter, whether in draft form or otherwise, including but not limited to memoranda, reports, noted, correspondence, employment records, contracts, agreements, canceled or

uncanceled checks, tapes or other audio recordings as well as all other tangible items defined by Rule 34(a) of the Federal Rules of Civil Procedures.

5.     "Communications" shall mean and include the transfer of ideas, thought, and/or information between two or more persons, including, but not limited to, documents, electronic or computer-generated mail, gestures, faxes, telephone conversations, texts, IMs, and face-to-face conversations or meetings.

6.     "Possession, custody or control" may be actual or constructive possession and includes physical possession of the item or a right to possession of the item that is equal or superior to the person who has physical possession of the item.

7.     "Person" shall mean and include any individual, group of natural persons, proprietorship, partnership, corporation, association, organization, joint venture, governmental body or agency, and all other legal entities.

8.     "Concerning", "regarding", and/or "relating to" shall mean constituting, containing, embodying, reflecting, identifying, stating, referring to, relating to, or dealing with in any manner.

9.     "Witness statement" shall mean a written statement, signed or otherwise adopted or approved in writing by the person making it, a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcription of such a recording.

10.     "Identify" (or "state the identity of") with respect to a natural person means to state the person's full name, current or last known residence and business address and telephone number, current or last known employer, that employer's address and the current or last known position or job title the person held with such employer.

11.     "Identify" (or "state the identity of") with respect to an entity (not a natural person) means to state its full name, the address of its principal place of business, and its telephone number.

12.     "Identify" (or "state the identity of") with respect to a document means to state the date of such document, if any; a general description thereof; identify the signer, preparer, or sender thereof; state its present location and identify its custodian; and state descriptive information of sufficient particularity to enable said document to be subject to a subpoena duces tecum or request for its production.

13.     "Describe" when used in reference to a factual situation means to state with particularity and in detail all facts known to you connected with, bearing upon, or relating in any way to matters contained in interrogatories.

14.     "Describe" when used in reference to written or oral communication mean to state in detail (1) the type of document or other communication; (2) the date made; (3) the persons involved in the communication; (4) the present location of the document or other recorded evidence of the communication; and (5) the subject matter of the document or other communication, including

factual setting in which made, substantive content, and purpose of communication.

15.    "State" means to identify and describe as defined above.

16.    You should construe these requests for production as follows: (1) the singular shall be construed to include the plural and the plural to include the singular; (2) the masculine, feminine or neuter pronoun includes the other genders; (3) the words "and" and "or" shall construed both conjunctively and disjunctively so as to make the request inclusive rather than exclusive; (4) the words "any" and "all" mean each and every; and (5) the present tense of a verb includes its past tense and vice versa.

## INTERROGATORIES

### INTERROGATORY NO. 22:

Please describe what "Timesheet Friday" is.

### ANSWER:

### INTERROGATORY NO. 23:

Please describe what the term "insider threat" means.

### ANSWER:

### INTERROGATORY NO. 24:

Please describe any and all circumstances under which an adverse information report on an employee would be sent to the Facilities Security Officer and describe each employee in the Applied Power division since 2009 that has had an adverse information report sent and the circumstances under which that report was sent.

### ANSWER:

### INTERROGATORY NO. 25:

Please describe each employee SwRI has labelled as an "insider threat" or a potential "insider threat" in the Applied Power Division from January 1,

2009 to December 31, 2012.  Please include in your description whether the person was considered an insider threat or just a potential insider threat. Please include who made the decision to so label the employee and what act or omission the employee committed to receive the label.

**ANSWER:**


## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 43:**

Please produce any All Access Attempts History Reports and/or other record of employee entrances and exits for all employees supervised by Nova Cooper in the Applied Power Division who reported to Bill Ryan from January 1, 2009 to December 31, 2012.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44:**

Please produce all C16 forms or timesheet change forms submitted by any Technicians, Sr. Technicians, Principal Technicians, or Engineering Technologists in the Applied Power Division who reported to Bill Ryan from January 1, 2009 to December 31, 2012.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45:**

Please produce all notices posted in the Applied Power Division regarding attendance, tardiness, and rules regarding piggybacking on coworkers entering the same work areas.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46:**

Please produce all documents concerning the scheduling of the PARC meeting to evaluate the recommendation to terminate Ms. Johnson.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47:**

Please produce all written counselings, reprimands, warnings, or other similar documents regarding Ms. Johnson's attendance or tardiness.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48:**

Please produce all written counselings, reprimands, warnings, or other similar documents regarding the attendance or tardiness of any Technicians, Sr. Technicians, Principal Technicians, or Engineering Technologists in the Applied Power Division who reported to Bill Ryan from January 1, 2009 to December 31, 2012.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49:**

Please produce all tardiness complaints made about Ms. Johnson from January 1, 2009 to December 31, 2012.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 50:**

Please produce any and all quarterly and annual reports that discuss employment discrimination complaints, retaliation complaints, investigations into those complaints, and/or the results of any of those investigations or complaints.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 51:**

Please produce all adverse information reports for any Technicians, Sr. Technicians, Principal Technicians, or Engineering Technologists in the Applied Power Division who reported to Bill Ryan from January 1, 2009 to December 31, 2012.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 52:**

Please produce all recommendations for termination written by Bill Ryan since 2009 until present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 53:**

Please produce any and all charges of discrimination filed with the EEOC since 2009 by employees that allege gender discrimination, equal pay violations, or retaliation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 54:**

Please produce all cause findings issued by the EEOC relating to any charges of discrimination filed by employees since 2009.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 55:**

Please produce all emails sent by Bill Ryan seeking feedback from co-workers and employees about Ms. Johnson's work performance.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 54:**

Please produce all emails sent to Bill Ryan replying to any emails produced in response to RFP 55 above or sent to Bill Ryan discussing Ms. Johnson's work performance.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 54:**

Please produce all documents that describe or define "Timesheet Friday."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 54:**

Please produce all documents concerning any adverse information reports or insider threat designations for any employees described in response to interrogatories 24 and 25.

**RESPONSE:**

Respectfully submitted,

_____/s/ Colin Walsh_____

Robert J. Wiley
Texas Bar No. 24013750
*Board Certified in Labor and Employment Law*
*by the Texas Board of Legal Specialization*
Colin Walsh
Texas Bar No. 24079538
Jairo Castellanos
Texas Bar No. 24089264

ROB WILEY, P.C.
1011 San Jacinto Blvd, Ste 401
Austin, TX 78701
Telephone: (512) 271-5527
Facsimile: (512) 287 3084
cwalsh@robwiley.com
ATTORNEYS FOR PLAINTIFF

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 27, 2016, I served a copy of the foregoing on counsel for Defendants via email.

_____/s/ Colin Walsh_____
Colin Walsh

# <u>Exhibit 2</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARY ELLEN JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 5:15-CV-00297-FB-HJB |
| | § | |
| SOUTHWEST RESEARCH INSTITUTE, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT SOUTHWEST RESEARCH INSTITUTE'S OBJECTIONS AND
RESPONSES TO PLAINTIFF'S THIRD *(SIC)* REQUEST FOR PRODUCTION**

COMES NOW Defendant Southwest Research Institute ("SwRI") and, pursuant to the

Federal Rules of Civil Procedure, files its Objections and Responses to Plaintiff's Third *(sic)*

Request for Production.

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP

/s/ *Mario A. Barrera*

    Mario A. Barrera
    State Bar No. 01805915
    mario.barrera@nortonrosefulbright.com
    Stephen J. Romero
    State Bar No. 24046756
    stephen.romero@nortonrosefulbright.com
300 Convent Street, Suite 2100
San Antonio, TX 78205-3792
Telephone:    (210) 224-5575
Facsimile:    (210) 270-7205

Counsel for Defendant
Southwest Research Institute

## <u>CERTIFICATE OF SERVICE</u>

This discovery, Defendant Southwest Research Institute's Objections and Responses to Plaintiff's Third *(sic)* Request for Production, was served in compliance with Rule 5 of the Federal Rules of Civil Procedure by Electronic Service, on January 26, 2017:

Robert J. Wiley
Colin Walsh
Law Office of Rob Wiley, P.C.
1011 San Jacinto Blvd., Suite 401
Austin, Texas 78701

*/s/ Mario A. Barrera*
Mario A. Barrera

# GENERAL OBJECTIONS

1.      SwRI objects to providing any information protected by the attorney client privilege, the work product doctrine, the consulting expert doctrine, the party communications privilege, the investigatory privilege, or any other privilege existing under the laws of the United States or the State of Texas.  If necessary, SwRI will move for a Protective Order and produce the information for in camera inspection by the Court.

2.      SwRI objects to Plaintiff's instructions as requiring performance in excess of that required by the Federal Rules of Civil Procedure.  All words will be assumed to have their commonly accepted meanings.  SwRI will supplement its responses in conformity with the Federal Rules of Civil Procedure and not in compliance with Plaintiff's instructions.

3.      SwRI objects to Plaintiff's Requests for Production to the extent that they request production of electronic data or information in its native format.  The request that electronic data or information be produced specifically in its native format is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Producing electronic data or information in native format, as opposed to paper, .pdf, .tiff, or some other reasonably usable format, makes it difficult, if not impossible, to (a) Bates-label or otherwise mark each page of the data or information for purposes of identification at deposition, mediation, hearing, or trial and/or for confidentiality; (b) redact non-relevant, confidential, or privileged information; and (c) authenticate printed versions of the electronic data for use at evidentiary hearing or trial.  In addition, any "metadata" or "embedded data" contained in native files would not be relevant to the parties' claims or defenses, and would be of no likely benefit in resolving the issues in this case.  SwRI will produce responsive, non-privileged electronic data or information in paper or another format that preserves the appearance and content of the data or information, promotes ease of review of the data or information, and allows the data or information to be secured in inalterable form and each page Bates-labeled for later use in depositions or at hearing or trial.

4.      Subject to the foregoing objections, SwRI responds to the Plaintiff's Third [Sic] Request for Production as follow:

**OBJECTIONS AND RESPONSES TO THIRD *(SIC)* REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 43:** *(sic)*   Please produce any All Access Attempts History Reports and/or other record of employee entrances and exits for all employees supervised by Nova Cooper in the Applied Power Division who reported to Bill Ryan from January 1, 2009 to December 31, 2012.

**RESPONSE:**

SwRI incorporates its General Objections as if fully set forth herein.  Subject to and without waiving the foregoing objections, SwRI responds as follows:  See documents labeled SwRI Johnson 002562-002573.  Please note, these reports and similar records are maintained by SwRI for a short period of time.  As a result, the only reports and similar documents that are currently in SwRI's possession, custody, or control are those that were printed contemporaneously for some reason.

**REQUEST FOR PRODUCTION NO. 44:**  Please produce all C16 forms or timesheet change forms submitted by any Technicians, Sr. Technicians, Principal Technicians, or Engineering Technologists in the Applied Power Division who reported to Bill Ryan from January 1, 2009 to December 31, 2012.

**RESPONSE:**

SwRI incorporates its General Objections as if fully set forth herein.  SwRI objects to this request as duplicative of Requests for Production No. 29.

Subject to and without waiving the foregoing objections, SwRI responds as follows:  See documents labeled SwRI Johnson 001530-002215, 002441-002561, and 002574-002598.

**REQUEST FOR PRODUCTION NO. 45:**  Please produce all notices posted in the Applied Power Division regarding attendance, tardiness, and rules regarding piggybacking on coworkers entering the same work areas.

**RESPONSE:**

SwRI incorporates its General Objections as if fully set forth herein.  Subject to and without waiving the foregoing objections, SwRI responds as follows:  For documents concerning email reminders provided to Applied Power Division employees regarding attendance, tardiness, and piggybacking, see documents labeled SwRI Johnson 002599-002604.

**REQUEST FOR PRODUCTION NO. 46:**  Please produce all documents concerning the scheduling of the PARC meeting to evaluate the recommendation to terminate Ms. Johnson.

**RESPONSE:**

SwRI incorporates its General Objections as if fully set forth herein. Subject to and without waiving the foregoing objections, SwRI responds as follows: See documents labeled SwRI Johnson 002605-002617.

**REQUEST FOR PRODUCTION NO. 47:** Please produce all written counselings, reprimands, warnings, or other similar documents regarding Ms. Johnson's attendance or tardiness.

**RESPONSE:**

SwRI incorporates its General Objections as if fully set forth herein. Subject to and without waiving the foregoing objections, SwRI responds as follows: See documents labeled SwRI Johnson 002618.

**REQUEST FOR PRODUCTION NO. 48:** Please produce all written counselings, reprimands, warnings, or other similar documents regarding the attendance or tardiness of any Technicians, Sr. Technicians, Principal Technicians, or Engineering Technologists in the Applied Power Division who reported to Bill Ryan from January 1, 2009 to December 31, 2012.

**RESPONSE:**

SwRI incorporates its General Objections as if fully set forth herein. Subject to and without waiving the foregoing objections, SwRI responds as follows: See documents labeled SwRI Johnson 002619-002621.

**REQUEST FOR PRODUCTION NO. 49:** Please produce all tardiness complaints made about Ms. Johnson from January 1, 2009 to December 31, 2012.

**RESPONSE:**

SwRI incorporates its General Objections as if fully set forth herein. Subject to and without waiving the foregoing objections, SwRI responds as follows: None.

**REQUEST FOR PRODUCTION NO. 50:** Please produce any and all quarterly and annual reports that discuss employment discrimination complaints, retaliation complaints, investigations into those complaints, and/or the results of any of those investigations or complaints.

**RESPONSE:**

SwRI incorporates its General Objections as if fully set forth herein. SwRI further objects to this request as irrelevant, overly broad, and unduly burdensome as it seeks information that is outside of the relevant time period, which the Court has recognized as January 1, 2009 to December 31, 2012, and includes individuals who are in no way similarly situated to Plaintiff. Responsive documents are being withheld on the basis of these objections.

Subject to and without waiving the foregoing objections, SwRI responds as follows: For documents concerning employment discrimination complaints, retaliation complaints, investigations into those complaints, and/or the results of any of those investigations or complaints made by any Technicians, Sr. Technicians, Principal Technicians, or Engineering Technologists in the Applied Power Division who reported to Bill Ryan from January 1, 2009 to December 31, 2012, none.

**REQUEST FOR PRODUCTION NO. 51:** Please produce all adverse information reports for any Technicians, Sr. Technicians, Principal Technicians, or Engineering Technologists in the Applied Power Division who reported to Bill Ryan from January 1, 2009 to December 31, 2012.

**RESPONSE:**

SwRI incorporates its General Objections as if fully set forth herein. Subject to and without waiving the foregoing objections, SwRI responds as follows: No such documents are in SwRI's possession, custody, or control as these documents are property of the United States Department of Defense ("DoD").

**REQUEST FOR PRODUCTION NO. 52:** Please produce all recommendations for termination written by Bill Ryan since 2009 until present.

**RESPONSE:**

SwRI incorporates its General Objections as if fully set forth herein. SwRI objects to this request as irrelevant, overly broad, and unduly burdensome as it seeks information that is outside of the relevant time period, which the Court has recognized as January 1, 2009 to December 31, 2012, and includes individuals who are in no way similarly situated to Plaintiff. Responsive documents are being withheld on the basis of these objections.

Subject to and without waiving the foregoing objections, SwRI responds as follows: For documents concerning recommendations for termination written by Bill Ryan for any Technicians, Sr. Technicians, Principal Technicians, or Engineering Technologists in the Applied Power Division who reported to Bill Ryan from January 1, 2009 to December 31, 2012, see documents labeled SwRI Johnson 001339-001340.

**REQUEST FOR PRODUCTION NO. 53:** Please produce any and all charges of discrimination filed with the EEOC since 2009 by employees that allege gender discrimination, equal pay violations, or retaliation.

**RESPONSE:**

SwRI incorporates its General Objections as if fully set forth herein. SwRI objects to this request as duplicative of Request for Production No. 6. SwRI further objects to this request as irrelevant, overly broad, and unduly burdensome as it seeks information that is outside of the relevant time period, which the Court has recognized as January 1, 2009 to December 31, 2012, and includes individuals who are in no way similarly situated to Plaintiff. Responsive documents are being withheld on the basis of these objections.

Subject to and without waiving the foregoing objections, SwRI responds as follows: For documents concerning any charges of discrimination filed with the EEOC by any Technicians, Sr. Technicians, Principal Technicians, or Engineering Technologists in the Applied Power Division who reported to Bill Ryan from January 1, 2009 to December 31, 2012, see documents labeled SwRI Johnson 000620-000621.

**REQUEST FOR PRODUCTION NO. 54:** Please produce all cause findings issued by the EEOC relating to any charges of discrimination filed by employees since 2009.

**RESPONSE:**

SwRI incorporates its General Objections as if fully set forth herein. SwRI objects to this request as duplicative of Request for Production No. 6. SwRI further objects to this request as irrelevant, overly broad, and unduly burdensome as it seeks information that is outside of the relevant time period, which the Court has recognized as January 1, 2009 to December 31, 2012, and includes individuals who are in no way similarly situated to Plaintiff.

Subject to and without waiving the foregoing objections, SwRI responds as follows: For documents concerning any charges of discrimination filed with the EEOC by any Technicians, Sr. Technicians, Principal Technicians, or Engineering Technologists in the Applied Power Division who reported to Bill Ryan from January 1, 2009 to December 31, 2012, see documents labeled SwRI Johnson 000589-000591.

**REQUEST FOR PRODUCTION NO. 55:** Please produce all emails sent by Bill Ryan seeking feedback from co- workers and employees about Ms. Johnson's work performance.

**RESPONSE:**

SwRI incorporates its General Objections as if fully set forth herein. Subject to and without waiving the foregoing objections, SwRI responds as follows: None.

**REQUEST FOR PRODUCTION NO. 56:** Please produce all emails sent to Bill Ryan replying to any emails produced in response to RFP 55 above or sent to Bill Ryan discussing Ms. Johnson's work performance.

**RESPONSE:**

SwRI incorporates its General Objections as if fully set forth herein. Subject to and without waiving the foregoing objections, SwRI responds as follows: None.

**REQUEST FOR PRODUCTION NO. 57:** Please produce all documents that describe or define "Timesheet Friday."

**RESPONSE:**

SwRI incorporates its General Objections as if fully set forth herein. Subject to and without waiving the foregoing objections, SwRI responds as follows: For documents that

describe SwRI's timekeeping procedures during the relevant time period, see documents labeled SwRI Johnson 000106-000111.

**REQUEST FOR PRODUCTION NO. 58:**  Please produce all documents concerning any adverse information reports or insider threat designations for any employees described in response to interrogatories 24 and 25.

**RESPONSE:**

SwRI incorporates its General Objections as if fully set forth herein.  Subject to and without waiving the foregoing objections, SwRI responds as follows:  No such documents are in SwRI's possession, custody, or control as these documents are property of the DoD.

# **Exhibit 3**

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MARY ELLEN JOHNSON,            )
                               )
     Plaintiff(s),            )
                               )        CIVIL ACTION NO.
VS.                            )        5:15-CV-00297-FB-HJB
                               )
SOUTHWEST RESEARCH             )
INSTITUTE,                     )
                               )
     Defendant(s).            )

DEPOSITION OF

ANTHONY MAGARO

DECEMBER 21, 2016

San Antonio, Texas

Reported by: Dicie Lee Eytcheson

Job NO.: 17762

 1      A.   I -- I believe I signed a number of them that
 2  came back that were interrogatories.
 3      Q.   What about --
 4      A.   Is that --
 5      Q.   -- requests --
 6      A.   Is that the same thing as a discovery request?
 7      Q.   What about something that looked like this?
 8      A.   I did -- I didn't -- I didn't -- I don't know
 9  if I saw this one particularly; but I know I signed
10  several of these on various materials that we provided
11  our corporate attorneys.
12      Q.   Have there been complaints of gender
13  discrimination filed with HR?
14      A.   Internal complaints?
15      Q.   Yes.
16      A.   Yes, sir.
17      Q.   How many?
18               MR. BARRERA:  Do we have a time period?
19               MR. WALSH:  Oh.
20      Q.   (BY MR. WALSH)  Since 2011.
21      A.   I -- I do not know.
22      Q.   In your annual report do you break down the
23  types of discrimination complaints?
24      A.   We do.
25      Q.   Into what categories?

1    A.    Into discrimination and types of

2  discrimination.

3    Q.    And, I'm sorry, you said you could not remember

4  how many had been filed since 2011?

5    A.    No, sir.

6    Q.    I guess it would be less than ten, correct?

7    A.    I do not know.

8    Q.    Is it possible that it's more than ten?

9    A.    I do not know.

10   Q.    You're not able to answer whether or not there

11  were more complaints of gender discrimination than there

12  were of discrimination?

13   A.    I prefer not to answer and give you an

14  inaccurate number.

15   Q.    If one of those requests for production asked

16  for all complaints of discrimination, would you be able

17  to respond to that since 2011?

18   A.    Let me rephrase the question.  Or could you

19  rephrase the question?

20   Q.    Sure.  Which part was not clear?

21   A.    You asked me if I could --

22   Q.    Well, so how long --

23   A.    -- produce --

24   Q.    I guess let me -- let me rephrase it actually.

25  I can do it.

1          Would you able -- be able to produce all

2    of the discriminate -- complaints of discrimination

3    filed with HR since -- from 2009 to 2012?

4        A.   I would.

5        Q.   How long do you hold on to those things?

6        A.   We have those records going back to 2009.

7        Q.   What about retaliation complaints?  Would you

8    be able to produce all of those from 2009 to 2012?

9        A.   Yes, sir.

10       Q.   Now, for each complaint that's filed is an

11   investigation done?

12       A.   No, sir.

13       Q.   So explain how you determine -- or the HR

14   department determines whether or not to do an

15   investigation.

16       A.   If an employee comes in to discuss a problem or

17   to launch a concern, we evaluate the concern based on

18   what their -- on the fact situation -- on the situation

19   that the individual provides us.  At that time we

20   determine if there -- they are claiming a violation of

21   policy or compliance or law, and if we -- if they are

22   then we would lodge an internal complaint investigation.

23   If they do not, we'll work with the employee and discuss

24   the concern with their management to reconcile a

25   concern.

1    Q.    What are -- Do you know what adverse

2    information reports are?

3    A.    Only from the standpoint of adverse information

4    that has to be reported to -- to security -- and Mike

5    McGoffin is our facility security officer -- in the case

6    of individuals that carry clearances.

7    Q.    So is this an unusual document to have to send

8    after somebody is terminated?

9    A.    I am not familiar with this document.

10    Q.    Who would know about this document?

11    A.    Well, it came out of the Applied Power division

12    because that's the letterhead.

13    Q.    So would Bill Ryan know about this?

14    A.    I don't know who wrote it, sir.

15    Q.    Well, I mean, I'm talking about just what this

16    document is.  Would Bill Ryan be the person who would

17    best know?

18    A.    I do not know who wrote it, sir.

19    Q.    Would Mary Massey know about these types of

20    documents?

21    A.    Mary Massey is now the security officer of --

22    of that division as the vice president.

23    Q.    So, yes?  No?  Maybe she might know?

24    A.    I'm not -- I'm confident that she would know

25    what an adverse information document would be.

## Exhibit 4
Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MARY ELLEN JOHNSON,            )
                               )
          Plaintiff(s),        )
                               )      CIVIL ACTION NO.
VS.                            )      5:15-CV-00297-FB-HJB
                               )
SOUTHWEST RESEARCH             )
INSTITUTE,                     )
                               )
          Defendant(s).        )


DEPOSITION OF

WILLIAM C. RYAN

DECEMBER 21, 2016

San Antonio, Texas


Reported by: Dicie Lee Eytcheson

Job NO.: 17762

1    A.    Facility security officer.

2    Q.    So what does he do?

3    A.    He ad -- he is the -- he oversees the secure

4    government access at the institute.

5    Q.    Did you draft this?

6    A.    I did not.

7    Q.    Do you know who did?

8    A.    I have not seen this before.

9    Q.    Do you know if this is normal to send reports

10    like this to the FSO after somebody is terminated?

11    A.    It is a requirement to notify the FSO if there

12    is adverse information.

13    Q.    So this would be a normal thing to send for

14    other people terminated, correct?

15    A.    If somebody was terminated for a cause that

16    qualified as adverse information this memo would be

17    generated.

18    Q.    Okay.  Do you know who normally generates

19    those?

20    A.    It would be a normal duty for the security

21    officer in the -- the division security officer.

22    Q.    And that's different than the facility security

23    officer?

24    A.    Yes, sir.

25    Q.    Who is the division security officer?