# DECLARATION OF GLEN D. MANGUM

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the facts set forth in this Declaration are true and correct.

I make this Declaration in support of the application for an award of attorneys' fees made by the Plaintiff in the cause styled *Mary Ellen Johnson v. Southwest Research Institute*, Civil Action No. 5:15-CV-00297-RCL, now pending before the Honorable Royce C. Lamberth, Judge of the United States District Court for the Western District of Texas, San Antonio Division.

My name is Glen D. Mangum, I am an attorney licensed to practice law in the State of Texas since November of 1979. I am also licensed to practice before the United States Supreme Court, the Federal Circuit Court of Appeals, the Fifth Circuit Court of Appeals, and the United States District Courts for the Western District of Texas and Southern District of Texas. I am not certain, but I believe I am also licensed to practice in the Northern District of Texas.

After graduating from law school in May of 1979, I worked as a law clerk for the Honorable Robert B. O'Connor, United States Magistrate Judge for the Western District of Texas, San Antonio Division, from 1980 to 1982.

In February of 1982, I began practicing law with the Law Offices of Luis M. Segura, who, at that time, was one of the very few employment lawyers in San Antonio who represented employees in disputes with their employers. As an associate of Mr. Segura, I was entrusted with the responsibility of representing many of Mr. Segura's clients, with little or no assistance or guidance from Mr. Segura. Through that experience, I learned the trade. Also, during the period of time I was employed by Mr. Segura, I made my first appearance before the Fifth Circuit Court of Appeals, in 1985.

In 1987, I began practicing law as a solo practitioner, and I have continued to practice as a

solo practitioner for the last 33 years. My practice during that period of time has focused almost exclusively on employment law, and almost exclusively in representing employees in disputes with their employers.

I have represented employees in both federal and state courts, but the great majority of my experience has been in federal courts. I have represented employees from the private sector, and I have also represented employees of Federal government agencies, employees of Texas state governmental entities, and employees of Bexar County, the City of San Antonio (and other cities in South Central Texas), as well as several school districts in the South Central Texas area.

I have maintained my law office in San Antonio, Texas since 1987, and, as I have indicated above, most of the litigation I have been involved in has been in the federal courts, primarily in the Western District of Texas, San Antonio Division.

Over the years, I have become professionally acquainted with many members of the employment law bar in Texas, particularly those who practice in the Western District of Texas, both employee and employer representatives, and I have formed opinions about the professionalism and competence of many of those persons.

I know Colin Walsh and his partner, Rob Wiley, and I have high regard for both Mr. Walsh's and Mr. Wiley's professionalism and competence as employment lawyers.

I do not know either of Mr. Walsh's co-counsel, Kalandra Wheeler or Jairo Castellanos, but in connection with my drafting of this Declaration, Mr. Walsh has provided me with some information about each of their contributions to the representation of the Plaintiff in this case, and in regard to their law practice experience and their employment law litigation experience. Mr. Walsh has also provided me with similar information about himself.

It is my understanding that Mr. Walsh is asking the Court to award him fees for his services at the rate of $585.00 per hour for work done since January 2019, a rate of $565 for work done between April 2018 and January 2019, a rate of $550 for work done between November 2017 and April 2018, and rate of $350 for work done prior to November 2017. I do not know if the number of hours being claimed by Mr. Walsh is reasonable or not, but I do believe that his requested current rate of $585.00 per hour is a reasonable rate not only in light of his previous, successful employment law litigation experience but also in light of the results obtained in this case. I also believe that his historical rates were reasonable at the time that work was performed.

It is also my understanding that Ms. Wheeler is asking for $585.00 per hour for work done 2019 and $350 per hour for work done in 2015. Again, I do not know if the hours claimed are reasonable or not, but I believe that Ms. Wheeler's claimed rates are also reasonable in light of her law practice experience, her employment law litigation experience, and the results obtained in this case.

Finally, it is my understanding that Mr. Castellanos is claiming a current rate of $395.00 per hour for work done since January 2017, $350 per hour for work done in 2016, $250 per hour for work done in 2015, and a rate of $125 for work done as a law clerk prior to being licensed. Again, I do not know if the number of hours Mr. Castellanos is claiming is reasonable, but, again, I believe his claimed rates of $250 to $395.00 per hour as an attorney are reasonable based upon his law practice experience, his employment law litigation experience, and the results obtained. I also believe that $125 an hour is reasonable for a law clerk. Finally, it is common practice in the San Antonio area to bill clients for work done by a law clerk.

I believe that the rates claimed by all three (3) of the Plaintiff's lawyers are reasonable rates

to be awarded successful Plaintiff's lawyers in the San Antonio Division of the Western District of Texas.

Although I do not know what rates the Defendant's lawyers charged their client in this case, I expect that the rates claimed by the Plaintiff's lawyers are consistent with - and probably less than - the rates charged by the Defendant's lawyers.

If the Court should have any questions about any of the matters set forth herein, I will be glad to answer those questions.

Otherwise, I do not have anything further to say.

EXECUTED under penalty of perjury this 6th day of June, 2019.

GLEN D. MANGUM